AO 91 (Rev. 12/93) Criminal Complaint

**In United States District Court**
**For the District of Delaware**

UNITED STATES OF AMERICA

v.

BRANDON TANN,
    Defendant

Criminal Complaint

CASE NUMBER: 07-GS M MYT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>April 11, 2007</u> in the District of Delaware, Defendant BRANDON TANN did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title \_\_\_\_\_18\_\_\_\_\_ United States Code, Section(s) <u>922(g)(1) and 924(a)(2).</u>

I further state that I am a(n) <u>Special Agent, ATF</u> and that this complaint is based
                                Official Title

on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

                                                    David DiBetta
                                                    Special Agent, ATF

Sworn to before me and subscribed in my presence,

<u>April 12, 2007</u>          at     <u>Wilmington, DE</u>
Date                                                       City and State

Honorable Mary Pat Thynge
<u>United States Magistrate Judge</u>
Name & Title of Judicial Officer           Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DAVID M. DIBETTA

1. Your affiant is Special Agent David M. DiBetta. Your affiant has been a law enforcement officer for over 19 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 250 cases involving firearms violations. I have participated in the seizures of approximately 900 firearms and the seizures of approximately 25,000 rounds of ammunition.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and information provided by one or more Wilmington Police Officers with personal knowledge of the facts.

3. The seizure of all the below stated evidence occurred on April 11, 2007, in the City of Wilmington, State and District of Delaware, as related to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant Brandon Tann, from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for escape second degree from on or about January 25, 2007, in the Superior Court of the State of Delaware, a felony crime punishable by imprisonment for a term exceeding one year.

5. I was informed of the following by one or more Wilmington Police Officers with personal knowledge of the facts. A reliable informant contacted them on April 11, 2007, and advised them that the defendant was at a specific location in Wilmington and was in possession of a handgun. Wilmington Police Officers responded to the area and saw the defendant standing in the general vicinity described by the informant. Two of the police vehicles that responded were marked police vehicles. When the police vehicles arrived at that area in Wilmington, Delaware, the defendant began quickly walking to the front of a residence there. At least one officer gave several verbal commands for the defendant to stop, but the defendant did not stop. The defendant entered the residence and slammed the door shut. One of the officers followed the defendant upstairs. As the officer reached the top of the stairs, the defendant exited the bathroom and the officer took him into custody. In the bathroom, an officer observed a 9mm Taurus handgun. An officer advised the defendant of his Miranda rights and the defendant said that the gun was not his but that he has bullets to a gun in his pocket. The defendant also said that he flushed two bags of marijuana down the toilet. An officer recovered approximately 14 9mm rounds of ammunition from the defendant's pants pocket. An officer also recovered the 9 mm

Taurus loaded handgun from the bathroom and noticed that the ammunition from the gun and the ammunition from the defendant's pocket were identical. The owner of the residence stated that he did not know the defendant and that the defendant was not welcomed in his house. The owner further stated that he did not own any weapons and did not have any in his house. While being transported to the police station, an officer heard the defendant tell someone on the phone that the police had found bullets on him but they did not catch him with the gun or drugs.

6. From training and experience, your affiant knows that the above - mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

David M. DiBetta
Special Agent, ATF


Sworn to and subscribed in my presence
this 12 day of April 2007

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware