AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

v.

Brandon Tann
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR07-55-UNA

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ____ clear and convincing evidence ____ a preponderance of the evidence: the court finds that there are no condtions or combination thereof to assure defendant's appearance as required or the safety of the community on the charge of violating 18 USC § 922 and 924 because:

1. the evidence against defendant is substantial. On the information recieved frm a CI that defendant had a firearm, when approached by WPD, defendant ran and eventually ran into a home that was not his, into a bathroom and admitted to flushing drugs down the toilet. Defendant was arrested exiting the bathroom. In the bathroom, a gun was found that matched the description provided by the CI and 14 bullets were found in defendant's pocket that could be used in the weapon. The weapon was a loaded 9 mm. The owner/resident of the home advised that defendant was not a guest, nor welcome (owner did not know him) and denied any ownership of the gun or bullets. After being mirandize defendant admitted flushing MJ down the toilet and denied ownership of the gun despite having the bullets in his pocket.

2. Defendant is only 20 years old and has the follwing criminal history: escape 2d January 2007, possession of a deadly weapon (handgun) 2003 found deliquent, menanacing 2003 which eneded with 2 VOPs one within 6 months of conviction and one in 2005 which resulted in involuntary commitment; possession of a firearm convictin in 2002; unlawful dealing with a dangerous weapon conviction in 200, burglary 2d committed when defendant was 13 years old in 1999 and reckless burning committed when defendant was 11 years old in 1997. the offense noted herein are only a limited listing of his extensive criminal history. Defendant has essentially been a one-man crime spree for 10 years amassing 22 convictions since 1997 and at the time of this arrest was serving a probationary term for escape 2d.

FILED

APR 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 27, 2007 | *Signature of Judicial Officer* |
|---|---|
| Date | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).