IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-55-JJF |
| | : | |
| BRANDON TANN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Brandon Tann, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about April 11, 2007, including any statements made subsequent to the illegal search and seizure of the defendant.

In support of this motion, Mr. Tann avers as follows[1]:

1. On April 11, 2007, law enforcement officers received a call from confidential source stating that Mr. Tann was in the vicinity of the 1100 block of A Street in Wilmington, Delaware and in possession of a firearm.

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from discovery provided to the defense by the government. Although Mr. Tann cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers. Mr. Tann submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

2. At approximately 10:20 p.m., law enforcement officers observed Mr. Tann in the 1100 block of A Street. Upon seeing the officer's vehicles, Mr. Tann is alleged to have ran into 1104 A Street.[2]

3. While Mr. Tann was in the process of entering 1104 A Street, law enforcement officers followed Mr. Tann. As Mr. Tann was entering the home, one of the officers directed Mr. Tann to stop and said they wanted to speak with him. Mr. Tann declined and entered the home, shutting the door.

4. Shortly thereafter, one of the officers forcibly entered the home, drew his weapon, and pursued Mr. Tann to an upstairs bathroom. Once the officer reached the top of the stairs, he commanded Mr. Tann to leave the bathroom, and Mr. Tann complied.

5. After exiting the bathroom, Mr. Tann was put into custody. He was asked about possessing a firearm, and he stated that he only possessed bullets. Mr. Tann also stated that he had flushed marijuana down the toilet.[3] A search of the bathroom revealed a 9mm Taurus handgun. The gun was loaded with bullets that matched the bullets that Mr. Tann admitted possessing and that were found on his person.

6. On April 3, 2007, Mr. Tann was indicted for being a felon in possession of a firearm and ammunition, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

7. "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but

---

[2] Upon information and belief, the defense maintains that Mr. Tann had the approval and consent of the homeowner at 1104 A Street to visit at the home. This information and belief runs counter to the police reports provided in discovery and will be explored in the evidentiary hearing to determine this motion.

[3] The government also alleges that Mr. Tann made other incriminating statements after his arrest, while confined in a police cruiser.

upon probable cause." U.S. CONST. Amend. IV. The Fourth Amendment requires that "police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure [and] in most instances failure to comply with the warrant requirement can only be excused by exigent circumstances." Terry v. Ohio, 392 U.S. 1, 20 (1968) (citations omitted).

8. In the instant case, there was never any warrant issued for a search of 1104 A Street, nor was any warrant issued for Mr. Tann's arrest. Thus, the police must justify their forced entry into that residence by pointing to exigent circumstances that existed at the time of the intrusion. Id. In Minnesota v. Olson, 495 U.S. 91, 100 (1990), the Supreme Court gave examples of exigent circumstances that may excuse a warrantless invasion of a home. The Court said "a warrantless intrusion may be justified by hot pursuit of a fleeing felon, or imminent destruction of evidence, or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling." Id. (citations omitted).

9. In the instant case, there were none of the enumerated exigent circumstances from Olson, nor circumstances even approaching the level of urgency needed for a warrantless intrusion. Id. The only event that may have given rise to police suspicion was the information from an alleged confidential informant that Mr. Tann was in the 1100 block of A Street and had a handgun. Generally, a confidential informant's tip must be examined in accordance with the totality of the circumstances test. See Illinois v. Gates, 462 U.S. 213 (1983). In the instant case, the tip came via phone and was no more descriptive than noting Mr. Tann's location and attire. There was no additional corroborative evidence that suggested the tip carried any indicia of reliability. See, e.g., Alabama v. White, 496 U.S. 325, 327 (1990) (noting requirement of predictive nature for anonymous tips). Viewed in the totality, the police only had reliable

information that Mr. Tann allegedly had a weapon and was at a given location. Once police arrived at the scene, before approaching Mr. Tann and ordering him to stop, they made no observations to support the alleged confidential informant's claim that Mr. Tann had a gun. Before the police may effectuate a seizure of a person, however, they must have at least reasonable suspicion that "criminal activity is afoot". Terry v. Ohio, 392 U.S. 1, 30.

    10. In addition to the tip conveying Mr. Tann's description and location, the officers may have also relied on Mr. Tann's decision to walk into the home at 1104 A Street once he saw the officers approaching. Simply walking away from police, however, does not even give rise to reasonable suspicion. United States v. Valentine, 232 F.3d 350, 357 (3d Cir. 2000) (citations omitted). It certainly does not support probable cause or create exigent circumstances. Nor had the police observed any criminal activity, despite the statements by their confidential informant. Therefore, the officers did not even have the right to stop Mr. Tann for an investigative detention, much less perform a warantless home invasion. Terry, 392 U.S. at 21 (requiring "specific and articulable facts" prior to intrusions on individual liberty). As such, the officer's intrusion of the house amounts to an illegal search in violation of the Fourth Amendment. U.S. CONST. Amend. IV.

    11. Since the initial warrantless intrusion was a Fourth Amendment violation, the firearm seized from inside the home and all statements given by Mr. Tann about the ammunition are "fruit of the poisonous tree". Wong-Sun v. United States, 371 U.S. 471, 487-88 (1963). The discovery of these items and giving of these statements can not be separated from the initial violation; it has not been "purged of the primary taint." Id. Evidence that is gained by "'exploitation of [] illegality' . . . may not be used" in criminal prosecutions. Id. at 488. The firearm and narcotics in this case were clearly the fruits of the officers' illegal intrusion into the

home. Therefore, all the evidence seized from, and statements given by, Mr. Tann on April 11, 2007, should be suppressed.

     12. Mr. Tann reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

     WHEREFORE, Mr. Tann respectfully submits that this Court should conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about April 11, 2007, including any and all statements made by Mr. Tann.

Respectfully submitted,

/S/
Edson A. Bostic, Esquire
Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Brandon Tann

Dated: June 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-55-JJF |
| | : | |
| BRANDON TANN, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2007, upon consideration of Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department on or about April 11, 2007 and statements made by Defendant to law enforcement officials on or about April 11, 2007, are hereby **SUPPRESSED**.  Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge