IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-55-JJF |
| | : | |
| BRANDON TANN, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO DISCLOSE INFORMATION REGARDING
CONFIDENTIAL INFORMANT AND SUPPORTING AUTHORITIES**

The defendant, Brandon Tann, through undersigned counsel, hereby moves this Honorable Court to order: access to the confidential informant used in this case; discovery by the defense of information relating to amounts paid or other benefits provided to the informant for cooperation in this case and any other investigations and copies of files verifying such information; any information regarding the drug use, prior psychiatric history and criminal history of the confidential informant; prior testimony of the informant and any inconsistent statement made by him or her.

In support of this motion the defense states as follows:

1. Mr. Tann is charged with Possession of a Firearm by a Prior Felon, In Violation of 18 U.S.C. §§ 722(g) and 924(a)(2) The discovery filed in this case indicates that the police based their decision to stop Mr. Tann on information provided to the police by a "confidential" informant. If the government intends to argue that the information provided by the informant was the basis justifying an investigatory stop and/or the search and seizure of Mr. Tann in this case, then the defendant is entitled to disclosure of the informant's identity. In order to defend against the charges

and to properly challenge the constitutionality of the warrantless arrest and seizure in this case, the defendant needs the identity and other specified information regarding this informant.

  2. In <u>Roviaro v. United States</u> 353 U. S. 53, 60 (1957) the Supreme Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." <u>See</u> also <u>In re Irving</u> 600 F. 2d 1027 (2nd Cir. 1979). The D. C. Circuit noted in <u>Westinghouse Electric Corp. v. City of Burlington, Vermont</u>, 351 F.2d 762 (D. C. Cir. 1965), "<u>Roviaro</u> states that in a wide range of cases, the privilege will not preclude disclosure, if indeed the Government chooses to invoke it at all . . .The Roviaro case stops far short of guaranteeing the anonymity of informers." <u>Id.</u>

  3. A balancing test has been utilized to determine whether the identity and location of the informant are to be kept secretly. <u>See</u> e.g., <u>United States v. Ayala</u>, 643 F.2d 244, 246 (5th Cir. 1981). The government's interest in this case is certainly less than Mr. Tann's right to counter the government's evidence and to present a defense, as well as to fully defend his position at a hearing on pretrial motions.

  4. If the defendant (through counsel) does not have access to this witness' information regarding his or her reliability pretrial, it will not be able to meaningfully confront those that are accusing him.

  5. In order to adequately prepare a defense and assess the statements and role of the informant, the defense should also receive: the informant's prior testimony while acting as an informant, <u>Giordano v. United States</u>, 394 U. S. 310 (1969); <u>Johnson v. Brewer</u>, 521 F.2d 556 (8th Cir. 1975); promises he has received for consideration, <u>Giglio v. United States</u>, 405 U. S. 150 (1972); information regarding his drug or chronic alcohol history, <u>United States v. Fowler</u>, 465 F.2d

664 (D. C. Cir. 1972); any psychiatric history, United States v. Lindstrom, 698 F. 2d 1154 (11th Cir. 1983); and criminal history, Williams v. Griswold, 743 F.2d 1533 (11th Cir. 1984); United States v. Auten, 632 F. 2d 478 (1980).

**WHEREFORE**, for these reasons and any other reasons as shall appear to the Court after a hearing of this matter the defendant respectfully requests that this motion be granted and that the information designated be provided to the defense.

Respectfully submitted,

/S/
Edson A. Bostic, Esquire
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Brandon Tann

Dated: July 16, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-55-JJF |
| | : | |
| BRANDON TANN, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Upon consideration of defendant's Motion to Disclose Confidential Informant it is hereby **ORDERED** that the Government disclose to the defendant's counsel the following information regarding the confidential informant:

1. full name and current location of an informant

2. criminal history;

3. any promises of consideration made and benefits given to the Government in this case and any other investigation or prosecution;

4. Any records documenting benefits-financial or otherwise;

5. Any information regarding prior or present psychiatric history;

6. Any information regarding illegal drug use or chronic alcohol use;

7. Prior testimony of the informant in his informants' status

It is hereby **ORDERED** this _____ day of _____, 2007.

_____
_____Honorable Joseph J. Farnan, Jr.
United States District Court Judge